# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                      Plaintiff,<br><br>   v.<br><br>OSWALDO MANGAS,<br><br>                      Defendant. | Case No. 19-cr-00550-BAS-1<br><br>**ORDER:**<br><br>   **(1) DENYING MOTION TO DISMISS;**<br><br>   **(2) VACATING HEARING ON APRIL 16, 2019; AND**<br><br>   **(3) SETTING CASE FOR TRIAL SETTING**<br><br>**[ECF No. 20]** |

Defendant was administratively removed based on his conviction for voluntary manslaughter under California Penal Code ("CPC") § 192(a). (Mot. Ex. A, ECF No. 20-2.) Defendant was served with notice that he was deportable under 8 U.S.C. § 1227(a)(2)(A)(iii) because: (1) he was convicted of an "aggravated felony," and (2) he was not a citizen of the United States and had entered the country without inspection by an Immigration Officer. (*Id.*) Defendant's Final Administrative Removal Order again states that he has a conviction for an aggravated felony and therefore is ineligible for relief from removal. (*Id.*)

The Government now files an Abstract of Judgment showing that Defendant was not only convicted of voluntary manslaughter, but was also subject to an

enhancement under CPC § 12022(B)(i) for personal use of a dangerous or deadly weapon, that is, a log. (Opp'n Exs. 1 & 2, ECF No. 22-1.) There is no mention of this enhancement in any of the immigration documents presented to this Court.

Defendant argues that he was not deportable as charged because his voluntary manslaughter conviction was not an aggravated felony. Under 8 U.S.C. § 1101(a)(43)(F), an "aggravated felony" encompasses a "crime of violence as defined by 18 U.S.C. § 16." In *United States v. Quijada-Aguilar*, 799 F.3d 1303 (9th Cir. 2015), the Ninth Circuit clearly held that CPC § 192(a) "is not categorically a crime of violence because it encompasses a broader range of criminal intent than the federal definition of a crime of violence in 18 U.S.C. § 16." *Id.* at 1306. The court in *Quijada-Aguilar* based its decision on *Fernandez-Ruiz v. Gonzales*, 466 F.3d 1121 (9th Cir. 2006), in which the Ninth Circuit ruled *en banc* that crimes involving merely the reckless use of force cannot be crimes of violence.

The Government now asks this Court to find that the Supreme Court in *Voisine v. United States*, 136 S. Ct. 2272 (2016), implicitly overruled the Ninth Circuit's *en banc* decision in *Fernandez-Ruiz*, despite the Supreme Court's clear direction that it was not reaching this conclusion. *Id.* at 2280 n.4 ("[O]ur decision today . . . does not resolve whether § 16 includes reckless behavior."). This Court declines to overreach its authority as a district judge to make this finding.

The Government further alleges that Defendant's prior felony conviction was aggravated because it had the enhancement for personal use of a dangerous weapon. (Opp'n, ECF No. 22.) However, the enhancement faces the same problems with criminal intent as that addressed in *Quijada-Aguilar*. The use of a log could easily have been reckless and not intentional and therefore, under current Ninth Circuit law, not constitute an aggravated felony.

This, however, does not end the inquiry. Even if Defendant was not deportable as charged, in order to collaterally attack his prior removal, Defendant has the burden to show that the prior removal order was "fundamentally unfair" and that "he

exhausted all administrative remedies available to appeal his prior removal order." *United States v. Aguilera-Rios*, 769 F.3d 626, 630 (9th Cir. 2014). Defendant fails to do either.

"An underlying removal order is 'fundamentally unfair' if (1) the alien's due process rights were violated by defects in the underlying deportation proceeding and (2) he suffered prejudice as a result of the defects.'" *Id.* (quoting *United States v. Pallares-Galan*, 359 F.3d 1088, 1095 (9th Cir. 2004)). Thus, a defendant must show that, absent the due process violation, some relief from removal would have been plausible. *United States v. Lizarraga-Espinoza*, 583 Fed. App'x 731, 731 (9th Cir. 2014) (citing *United States v. Barajas-Alvarado*, 655 F.3d 1077, 1089 (9th Cir. 2011); *United States v. Garcia-Martinez*, 228 F.3d 956, 959-60 (9th Cir. 2000)).

Citing *United States v. Aguilera-Rios*, 769 F.3d 626 (9th Cir. 2014), and *United States v. Camacho-Lopez*, 450 F.3d 928 (9th Cir. 2006), Defendant argues that he is absolved from the requirement that he show plausible grounds for relief from removal because he has shown he was not removable as charged. (Mot., ECF No. 20.) It is true that if the defendant was removed when he should not have been, the proceedings are fundamentally unfair. Thus, when a Legal Permanent Resident is incorrectly removed as an aggravated felon, when he should not have been, prejudice is presumed. This is the holding of *Aguilera-Rios* and *Camacho-Lopez*. However, here Defendant was not a Lawful Permanent Resident, nor does it appear that he had any legal right to be in the United States. The removal documents allege that he was not a citizen of the United States and had entered the country without inspection by an Immigration Officer. (Opp'n Ex. 3, ECF No. 22-2.) At the time of his removal, Defendant admitted these allegations. (*Id.*) Thus, Defendant was removable, and he must show that absent the faulty allegation that his voluntary manslaughter conviction was an aggravated felony, some relief from removal would have been plausible. He fails to meet this burden. He offers no plausible grounds for relief

from removal and merely relies on his legal argument that such prejudice is presumed.

Furthermore, Defendant has not shown that he exhausted all administrative remedies available to appeal his prior removal order. To the contrary, at the time of his removal on December 1, 2010, Defendant signed a statement providing: "I understand that I have the right to remain in the United States for 14 calendar days in order to apply for judicial review. I do not wish this opportunity. I waive this right." (Opp'n Ex. 3, ECF No. 22-1.) To the extent Defendant argues that the removal documents were never served on him and that his waiver of the right to appeal was not "considered and intelligent," the Court disagrees. The Court finds Defendant was initially notified in January 2010, while he was in state custody for his voluntary manslaughter conviction, of the Government's intent to deport him after he had finished serving his state sentence. (*Id.*) When Defendant finished this sentence on December 1, 2010, he was served with the final Warrant of Removal and was deported that same day. (*Id.*) On that day, he waived any right to apply for judicial review. (*Id.*) Defendant fails to point to any evidence to the contrary. Thus, Defendant has failed to show he exhausted all administrative remedies available to appeal his removal order.

Defendant's collateral attack must fail. Even if the voluntary manslaughter conviction is not an aggravated felony, a proposition placed in question by recent Supreme Court authority, Defendant has failed to show prejudice and has failed to show that he exhausted all administrative remedies to appeal his removal order. The Motion to Dismiss is **DENIED**. The Court **VACATES** the evidentiary hearing set for April 16, 2019, and the parties are **ORDERED** to appear on **April 29, 2019, at 9:00 a.m.,** for a trial setting.

**IT IS SO ORDERED.**

**DATED: April 2, 2019**

Hon. Cynthia Bashant
United States District Judge